In the Matter of the Estate of STEPHEN MOULTON, 3D, Deceased.

Surrogate's Court, Oneida County, July 23, 1937.

*Charles A. Hahl*, for the petitioner.

*Stoddard M. Stevens*, for the administrator c. t. a.

MORRIS, S. The accounts of the administrator c. t. a. were judicially settled by a decree of this court on May 14, 1929. By that decree the sum of $183.06 was ordered paid to the petitioner herein, Mrs. Hortense Owens Wapperer. Mrs. Wapperer did not receive the money from the Farmers National Bank of Rome, the administrator c. t. a., until January 27, 1937. She accepted the check at that time and conditionally executed a satisfaction of decree, reserving at that time the right to any interest which might be due to her during the period subsequent to the decree.

She has now petitioned the court for interest from the date of the decree until the time the sum of $183.06 was actually paid to her on the theory that the administrator c. t. a. failed to deliver this sum to her promptly, although she claims it knew or had information at hand to know where she could be located. The parties have stipulated certain facts by agreement, and from them it appears that Mrs. Wapperer was served in the year 1925 with a citation upon an intermediate accounting in this estate at 7409 Melrose avenue, Cleveland, Ohio. It appears that she turned this citation over to her attorney, one Charles A. Hahl, of 605 Brisbane Building, Buffalo, N. Y., and that Mr. Hahl wrote to Stoddard M. Stevens, attorney for the administrator c. t. a., request-

ing information as to whether or not his client was about to receive some money, and if so, how much. No definite information was sent in reply, although the attorney for the administrator c. t. a. did send a mimeographed history of the Moulton estate which had been in this court since 1879.

Again, in 1931, Attorney Hahl, acting for his client, wrote to the attorney for the bank on three different occasions asking for information, but no reply was ever sent, although the decree had been granted and it appears a check was in the files of the bank awaiting delivery to Mrs. Wapperer. It is claimed by the attorney for the bank that a citation on the final accounting in 1929 was sent to the Cleveland address of Mrs. Wapperer and never returned, although it does appear that she had in the meantime changed her residence to Tonawanda, N. Y. It was not until late in December, 1936, that the attorney for the bank wrote to Mr. Hahl, attorney for the petitioner, requesting her address, which was promptly given.

The question now arises as to whether the administrator c. t. a. should be directed to pay interest on this money.

Does the diligence required of the administrator c. t. a. exceed a mere casual attempt to deliver money according to the terms of a decree of distribution?

I find that in the present instance the respondent or its attorney could have with proper diligence reached the claimant through the medium of her attorney, and that no effort was made between 1929 and 1936 to utilize this means of communication. A check did remain drawn to her order in the files of the bank since 1929, but how was the claimant, eagerly awaiting her bequest, to know that? The channel of communication to her through her attorney was clear and unobstructed.

By statute a simple and sensible manner of disposing of funds where they cannot be delivered to the beneficiary, because the whereabouts of the party is unknown, is enacted in section 273 of the Surrogate's Court Act, which allows the executor or administrator at the expiration of six months after decree, where payment of a legacy or distributive share cannot be made, to pay the same into court. Funds so deposited draw interest, which in 1929 amounted to three per cent, and at present amount to two per cent. If the administrator c. t. a. had so deposited the funds, it would have relieved itself of responsibility at least in part.

The administrator c. t. a. should be charged interest at the rate which the money would have produced if paid into court, except that for the fact that in this case the administrator c. t. a. should have been able with reasonable diligence to locate the beneficiary and pay her her distributive share promptly. Because

of this fact it seems that a six per cent interest rate should be paid since the beneficiary would undoubtedly pay that rate or more, if forced to borrow, as well she may have, during the depression which ensued after the time the money was ready for distribution and continued up until the time she finally got it.

It is, therefore, decreed that the administrator c. t. a. individually is liable to the beneficiary, Hortense Owens Wapperer, for interest on $183.06 for the period commencing six months after the date of the decree of distribution and ending January 27, 1937.

The petitioner is also allowed ten dollars costs of this motion. Submit decree accordingly.